UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 22-12052-FDS |
| ACQUIA, INC., | ) ) ) |
| Defendant. | ) ) ) |

ORDER ON DEFENDANT ACQUIA, INC.'S MOTION TO COMPEL DISCOVERY
[Docket No. 32]

January 11, 2024

Boal, M.J.

Defendant Acquia, Inc. ("Acquia") has moved for an order (1) finding plaintiff North America Photon Infotech, Ltd.'s ("Photon") amended answers to Requests for Admissions Nos. 1 to 4 insufficient and therefore deemed admitted; (2) compelling Photon to supplement its answers to Interrogatory Nos. 4 to 7; and (3) compelling Photon's attendance at its noticed deposition on or before January 12, 2024 or a date provided by the Court. Docket No. 32.[1] This Court heard oral argument on January 5, 2024. For the following reasons, this Court grants in part and denies in part the motion.

---

[1] Chief Judge Saylor referred the motion to the undersigned on December 6, 2023. Docket No. 35.

I.      BACKGROUND

On or about August 12, 2015, Photon and Acquia entered into the Acquia Business Partner Referral Agreement (the "Referral Agreement"). Complaint at ¶ 11 and Ex. A. Pursuant to the Referral Agreement, Acquia was to pay Photon commissions for referrals resulting in sales of Acquia products. See generally Ex. A to Complaint.

Photon alleges that from 2015 to 2019, it referred nearly thirty of its clients to Acquia. Complaint at ¶ 14. By this action, Photon is seeking commission payments related to the largest three customers referred to Acquia by Photon: Mars, Walgreens, and Bayer. See Complaint at ¶¶ 15-25.

II.     ANALYSIS

    A.    Standard Of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information. See Fed. R. Civ. P. 37(a)(3). "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). "Once a showing of relevance has been made, the

objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

B.      Requests For Admissions And Interrogatories

In its motion, Acquia argued that Photon's answers to its requests for admissions were deficient and therefore the requests should be deemed admitted. See Docket No. 33 at 2-3. At oral argument, however, counsel for Acquia stated that it was no longer seeking an order deeming the requests for admission admitted. Rather, it seeks an order compelling Photon to supplement its answers to Interrogatory Nos. 4-7, which ask Photon to identify the documents upon which it based its denial of Requests for Admissions Nos. 1-4.

Photon's answers to Interrogatory Nos. 4-7 are deficient. Photon answered those interrogatories by referring to its answers to other interrogatories. Those answers are non-responsive. For example, Interrogatory No. 4 asks Photon to identify the documents by which it asserts that a Deal Registration Form for Bayer was submitted to Acquia. Id. at 2. Photon answered by referring to its answer to Interrogatory No. 3. Interrogatory No. 3, however, asks Photon to identify each and every Acquia product that is the basis for Photon's claims for commissions due from Photon's alleged referral of Bayer to Acquia. As such, the answer to Interrogatory No. 3 is nonresponsive to Interrogatory No. 4.[2]

---

[2] Though Acquia has not moved for an order compelling supplemental answers to Interrogatory Nos. 1-3, those answers themselves appear to be insufficient. Interrogatory Nos. 1 to 3 ask Photon to identify each and every Acquia product that is the basis for certain of Photon's claims. See Docket No. 34-4 at 4-6. Photon relies on Rule 33(d) of the Federal Rules of Civil Procedure in those answers. "[R]eliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." JH Enter. v. Am. Guar. And Liab. Ins. Co., No. 8:21-cv-2020-TPB-SPF, 2022 WL 19919878, at *5 (M.D. Fla. Mar. 30, 2022); see also AMAG Pharm., Inc. v. Am. Guarantee and Liab. Ins. Co., No. 21-CV-10618-LTS, 2022 WL 16950437, at *7 (D. Mass. Nov. 15, 2022) (noting that Rule 33(d) is best suited for interrogatories of an objective nature that require

Photon's responses to Interrogatory Nos. 5-7 suffer from the same deficiency. Accordingly, Photon shall serve amended answers to Interrogatory Nos. 4-7 within two weeks of the date of this order.

C.  Photon's Deposition

Acquia seeks an order compelling Photon to appear for a Rule 30(b)(6) deposition on or before January 12, 2024.  Docket No. 33 at 16.  Photon has agreed to have a corporate representative appear for a deposition at counsel for Acquia's office on January 10, 2024.  Accordingly, this request is denied as moot.

III.  ORDER

For the foregoing reasons, this Court grants in part and denies in part Acquia's motion to compel.

  /s/ Jennifer C. Boal  
JENNIFER C. BOAL  
U.S. MAGISTRATE JUDGE

---

compilation of information but is a poor fit when it comes to answering contention interrogatories).  As such, reliance on Rule 33(d) is improper in response to Interrogatory Nos. 1-3.