UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| NORTH AMERICA PHOTON ) | |
| INFOTECH, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-12052-FDS |
| ) | |
| ACQUIA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 37]

January 11, 2024

Boal, M.J.

Plaintiff North America Photon Infotech, Ltd. ("Photon") has moved to compel defendant

Acquia, Inc. ("Acquia") to produce documents responsive to its Request for Production ("RFP")

Nos. 3-5, 9-11, 23-25, 35-39, 41-59, and 62 and to fully respond to Interrogatory Nos. 1-15.

Docket No. 37.[1]  After careful consideration of the parties' submissions, as well as the arguments

made at the January 5, 2024 hearing, I rule as follows.

*RFP Nos. 3-5*.  RFP Nos. 3-5 request all documents evidencing sales to customers that

Photon alleges to have referred to Acquia for the period August 12, 2005 to the present.  While

such sales are relevant to this case, the scope of the requests is overly broad as it seeks

---

[1] The motion also sought production of a privilege log and an order compelling Acquia to appear
for a deposition.  See Docket No. 37 at 1; Docket No. 38 at 1.  At the January 5, 2024 hearing,
the parties reported that Acquia has produced a privilege log and has agreed to appear for a
deposition.  Accordingly, those requests are denied as moot.

documents dated ten years prior to the parties' agreement.  At oral argument, counsel for Photon

clarified that the 2005 date was a typographical error.  Rather, Photon is seeking documents

dated August 12, 2015 to the present.  Accordingly, Acquia shall produce responsive documents

dated August 12, 2015 to the present.

*RFP Nos. 9-11*.  RFP Nos. 9-11 seek all communications between Photon and certain

customers.  This request is overly broad as there is no subject limitation.[2]  Accordingly, I deny

the motion with respect to these requests.

*RFP Nos. 23-25, 35-39*.  I find that these requests seek discoverable information.

Accordingly, Acquia shall produce documents responsive to RFP Nos. 23-25 and 35-39.

*RFP Nos. 41-59, 62*.  These requests seek documents supporting Acquia's denials of

allegations in the complaint and its affirmative defenses.  As such, they seek discoverable

information and Acquia must produce responsive documents.

*Interrogatory Nos. 1, 4, 6, 9, 11, 14*.  Despite its objections, it appears that Acquia has

sufficiently answered these interrogatories.  Accordingly, I deny the motion with respect to these

interrogatories.

*Interrogatory Nos. 2, 3, 7, 8, 12, 13*.  These interrogatories are overly broad as they

contain no temporal scope.  However, Acquia should answer them for the time period August 12,

2015 to the present.  To the extent that Acquia has relied on Rule 33(d) of the Federal Rules of

Civil Procedure, Acquia has not complied with that rule.  In order to properly invoke Rule 33(d),

four criteria must be met.  First, the producing party must affirm that information sought by the

interrogatory is in fact available in the specified records.  Licensed 2 Thrill, LLC v. Rakuten,

---

[2] These requests also seek communications dated back to August 2005.  As explained above, the year 2005 was a typographical error.

Inc., No. 13-11257-DJC, 2015 WL 13376540, at *3 (D. Mass. Oct. 13, 2015) (citations omitted).

Second, the producing party must specify the actual documents where information will be found.

Id.  Third, the producing party must show that answering the interrogatory in the traditional

manner would impose a burden on it.  Id.  Finally, the producing party must show that the burden

of deriving the answer from the specified documents will be substantially the same for both

parties.  Id.  Acquia has not fulfilled any of these requirements.  Accordingly, I order Acquia to

serve a supplemental response to Interrogatory Nos. 2, 3, 7, 8, 12, and 13.

     *Interrogatory Nos. 5, 10, 15*.  Interrogatory Nos. 5, 10, and 15 are contention

interrogatories to which Acquia must respond.  While some courts allow parties to defer

answering contention interrogatories until the end of discovery, I require parties to answer the

contention interrogatories in the ordinary course with supplementation later if necessary.  See,

e.g., Patel v. 7-Eleven, Inc., 2019 WL 10959829, at *5 (D. Mass. Dec. 16, 2019).  Accordingly, I

grant the motion to compel answers to Interrogatory Nos. 5, 10, and 15.

     Acquia shall produce the documents and information compelled by this order within two

weeks.

     So Ordered.

                            /s/ Jennifer C. Boal          
                          JENNIFER C. BOAL
                          U.S. MAGISTRATE JUDGE