### UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | X | |
| NORTH AMERICA PHOTON INFOTECH, LTD., | : | |
| | : | |
| | : | Civil Action. No. 1:22-cv-12052 (FDS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | MEMORANDUM IN OPPOSITION TO |
| v. | : | EMERGENCY MOTION FOR |
| | : | PROTECTIVE ORDER AND IN |
| ACQUIA, INC., | : | SUPPORT OF CROSS MOTION TO |
| | : | COMPEL DISCOVERY AND FOR |
| | : | SANCTIONS |
| Defendant. | : | |
| | : | |
| | X | |

The Emergency Motion for Protective Order ("Photon's Emergency Motion") [ECF No. 77] filed by Plaintiff North America Photon Infotech, Ltd. ("Photon") seeks relief as to an emergency of Photon's own creation.  Indeed, after this Court ordered that Photon produce its CEO, Srinivas Balasubramanian, for deposition in London, Photon only offered unacceptable dates, such as weekends.  The Court also ordered Photon to appear for the continuation of its Rule 30(b)(6) deposition, which commenced in Massachusetts, yet Photon refused to make its corporate witness and other executive witnesses available in Massachusetts, purporting to require Defendant Acquia, Inc. ("Acquia") to travel to New Jersey and Texas.

With the discovery cut off impending, Acquia served a deposition notice for Photon's corporate representative and Christopher Sargent, the signatory of its interrogatory responses, on May 30, 2024, in Massachusetts and Srinivas Balasubramanian on June 4, 2024, in London, subject to the offer to reschedule these depositions for the convenience of the witnesses.  Photon met this offer with silence, yet on May 29, 2024, -- the day before two of its witnesses were long-

noticed to appear in Massachusetts—Photon filed its Emergency Motion. [ECF No. 77]. By waiting until the 11th hour, Photon deprived the Court of a meaningful opportunity to consider Acquia's reasonable conduct before ruling on the application or even before the June 7, 2024, discovery cut off, effectively granting itself an extension of the discovery deadline. The Court should deny Photon's Emergency Motion on the merits as Photon failed to establish good cause for issuance of a protective order.[1]

In addition, Acquia cross-moves for a court order compelling depositions in Massachusetts of: (i) Photon's corporate representative, Hariprasad Ramakrishnan (as the Court already ordered), and (ii) Christopher Sargent, Photon's general counsel, who signed Photon's interrogatories, at a date of Acquia's choosing by no later than June 21, 2024. Acquia also seeks an order requiring Photon's CEO, Srinivas Balasubramanian, to appear for deposition in London on June 19, 2024, at a location in London identified by Acquia or in Boston, Massachusetts by no later than June 21, 2024. Finally, Acquia seeks an order requiring Photon to produce Michael Levine, its Chief Marketing Officer and Executive Vice President, for his deposition in Massachusetts by no later than June 21, 2024, or to provide Acquia with evidence of Mr. Levine's departure from Photon and Mr. Levine's last known address. Acquia's cross-motion also seeks $3,675 in sanctions for Mr. Levine's failure to appear at his duly noticed deposition on May 29.

---

[1]     The Court should also deny Photon's Emergency Motion on procedural grounds as the application omitted a certification required under Fed. R. Civ. P. 26(c)(1). Acquia provided Photon with multiple opportunities to propose alternative dates for the depositions at issue in Photon's Emergency Motion. Declaration of Irwin B. Schwartz (hereinafter, the "Schwartz Decl."), ¶¶ 27-29. Photon's decision to ignore Acquia's overtures belies a good faith effort by Photon to resolve the dispute without court action. *Id.*

FACTUAL BACKGROUND

On January 26, 2024, the parties filed a stipulated motion for an extension of time to complete fact depositions. [ECF No. 53]. On January 29, 2024, the Court held a status conference during which the Court granted the stipulated motion and entered an electronic order requiring all depositions . . . *and fact discovery* to be completed by March 8, 2024. [ECF No. 54 (emphasis added)]. On March 6, 2024, the Court held a hearing on Acquia's Second Motion to Compel Discovery. [ECF No. 61]. Later that same day, Photon served its First Amended Objections and Responses to Acquia's Interrogatory Nos. 1-3, which were verified by Mr. Sargent, Photon's General Counsel. [ECF No. 62 at 3-10].[2] On March 12, 2024, Photon served its Second Amended Objections and Responses to Acquia's Interrogatory Nos. 4-7, which were again verified by Mr. Sargent. Schwartz Decl., ¶ 5.[3]

At 9:53 a.m. EDT on March 13, 2024, the Court entered an electronic notice setting a status conference with the parties for 2:50 p.m. EDT that afternoon. [ECF No. 63]. At 12:19 p.m. EDT on March 13, 2024, the Court issued an order on Acquia's Second Motion to Compel Discovery requiring Photon to provide new responses and documents to Acquia's Requests for Production Nos. 1, 3 and 5 and supplement its answers to Acquia's Interrogatory Nos. 1-3 "within two weeks from the date of this order." [ECF No. 64 at 4-6]. The Court also granted Acquia's request to continue Photon's Rule 30(b)(6) deposition and to depose Mr. Levine and Mr. Balasubramanian. [*Id.* at 6-8]. On March 14, 2024, this Court entered an electronic order requiring *remaining fact discovery* to be completed by May 10, 2024. [ECF No. 65] (Emphasis

---

[2]    Photon's initial Answers to Acquia's First Set of Interrogatories were unverified. [ECF No. 57-4 at 2-8].
[3]    A copy of Photon's Second Amended Objections and Responses to Acquia's Interrogatory Nos. 4-7 is attached as Exhibit A to the Schwartz Decl.

added).  On March 27, 2024, Photon served its Second Amended Responses to Acquia's

Interrogatory Nos. 1-3, which were again verified by Mr. Sargent.  Schwartz Decl., ¶ 8.[4]

On April 19, 2024, Acquia filed its Third Motion to Compel Discovery and for Sanctions.

[ECF No. 68].  On April 25, 2024, this Court (Saylor, J.) held a status conference and entered an

electronic order requiring *remaining fact discovery* to be completed by June 7, 2024.  [ECF No.

65] (Emphasis added).  On May 22, 2024, the Court scheduled a hearing on Acquia's Third

Motion to Compel Discovery and for Sanctions for June 26, 2024, which has now been reset to

June 20, 2024.  [ECF Nos. 75, 84].

<u>Acquia's Efforts to Schedule Photon Depositions Prior to Fact Discovery Deadline</u>

On March 28, 2024, Acquia sent an email to Photon asking Photon to propose dates for

the continuation of Photon's Rule 30(b)(6) deposition and the depositions of Mr. Levine and Mr.

Sargent in Boston and for Mr. Balasubramanian in London.  Schwartz Decl., ¶ 10.[5]   Acquia

noted that those depositions "must come after Photon has completed its production," as required

by the Court's Order on Acquia's Second Motion to Compel Discovery.  *Id.*  On April 12, 2024,

Photon's counsel sent an email to Acquia proposing *Saturday* April 20 for Mr.

Balasubramanian's deposition in London.  *Id.*, ¶ 17.[6]  Photon's counsel also stated that if April

20 did not work, "no worries, we'll find a date that works."  *Id.*  On April 15, 2024, Acquia

replied that April 20 would not work as Photon had not made its court-ordered additional

document production.  *Id.*, ¶ 18.  On May 6, 2024, Photon finally made a revised document

production to Acquia.  [ECF No. 73-1].[7]

---

[4]      A copy of Photon's Second Amended Responses to Acquia's Interrogatory Nos. 1-3 is attached as Exhibit
B to the Schwartz Decl.  Acquia redacted certain highly confidential information in Exh. B to protect its privacy.
[5]      A copy of Acquia's email to Photon's counsel is attached as Exhibit C to the Schwartz Decl.
[6]      A copy of Photon's email to Acquia's counsel is attached as Exhibit D to the Schwartz Decl.
[7]      Photon's re-production exceeded 20,000 pages of documents.  Schwartz Decl., ¶ 21.

On May 9, 2024, Acquia sent an email to Photon reiterating its request for deposition dates.  Schwartz Decl., ¶ 22, Exh. C.  On May 10, 2024, Photon replied that it opposed the taking of Mr. Sargent's deposition as not being allowed by the Court, purported to require Mr. Levine's deposition to be taken in New Jersey, where he resides, and purported to require the continuation of Photon's Rule 30(b)(6) deposition, as ordered by the Court, to be taken in Texas.  *Id.*, ¶ 23.  On May 13 and May 14, 2024, Photon provided dates for the continuation of Photon's Rule 30(b)(6) deposition in Texas and the depositions of Mr. Levine in New Jersey and Mr. Balasubramanian in London on *Saturday* June 1st.  *Id.*, ¶ 24.[8]  Acquia objected to the locations of the Levine, Sargent and Rule 30(b)(6) depositions and demanded evidence of Mr. Levine's departure from Photon, which was Photon's grounds for why Mr. Levine had to be deposed in New Jersey.  *Id.*, ¶ 27, Exhs. G and H.  Photon never provided evidence that Mr. Levine had separated from Photon and, as of May 31, 2024, Mr. Levine was represented on Photon's website as Photon's Chief Marketing Officer and Executive Vice President.  *Id.*[9]

On May 15, 2024, Acquia served a Notice of Depositions on Photon scheduling Mr. Levine's deposition in Westwood, Massachusetts for May 29, both Photon's continued Rule 30(b)(6) deposition and Mr. Sargent's deposition in Westwood, Massachusetts on May 30, and Mr. Balasubramanian's deposition in London on June 4.  [ECF No. 79-4].  Without warning, despite repeated inquiries from Acquia' counsel, Mr. Levine failed to appear for his noticed deposition on May 29, 2024, causing Acquia to incur court reporter fees and then Photon moved for an "emergency" protective order that evening as to the Rule 30(b)(6) and Sargent

---

[8]      Copies of Photon's emails to Acquia's counsel are attached as Exhibits E, F and G to the Schwartz Decl
[9]      A copy of a screenshot of Photon's website taken on May 31, 2024, is attached as Exhibit K to the Schwartz Decl.

depositions, but without court order, defaulted on those depositions as well.  Schwartz Decl., ¶ 31; [ECF No. 77].

<u>ARGUMENT</u>

Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Corrigan v. Covidien LP*, No. 22-10220-DJC, 2024 WL 100822, at *2 (D. Mass. Jan. 9, 2024) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." *Securities and Exchange Commission v. Present*, No. 14-14692-LTS, 2016 WL 10998439, at *2 (D. Mass. May 12, 2016) (quoting *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990)).  "The party seeking a protective order has the burden of demonstrating good cause." *Id.*  (citing *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010)).  "The moving party cannot sustain its burden by offering conclusory statements alone." *Id.*  The grounds set forth in Photon's Emergency Motion do not meet Photon's burden and the Emergency Motion should be denied.

A. <u>Photon's Continued Rule 30(b)(6) Deposition Should Be Taken In Massachusetts</u>

"[A]bsent exceptional circumstances in the nature of hardship, [a plaintiff] may be called upon to make itself available for depositions at the place it has selected for trial." *In re Good Hope Industries, Inc.*, 14 B.R. 942, 946 (D. Mass, Bankr. Ct. 1981) (denying putative plaintiff's motion for protective order and ordering designated witness to appear for deposition in Massachusetts, rather than in Louisiana).  *See also Archer Daniel Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 588 (D. Minn. 1999) ("As to [plaintiff's] officers, directors, managing agents, and Rule 30(b)(6) designees, there is a well-recognized, general rule

that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue"); *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1334 (11th Cir. 2020) ("The district court has broad discretion over the location of depositions, and the general rule is that plaintiffs are required to make themselves available for examination in the district in which they bring suit").

Photon's corporate representative, Hariprasad Ramakrishnan, previously testified in Westwood, Massachusetts on January 10, 2024.  Schwartz Decl., ¶ 2.  On Acquia's motion to compel, the Court ordered the continuation of that deposition without requiring any change in the location.  [ECF No. 64 at 6-7].  On May 14, 2024, Photon's counsel proposed May 30 in Dallas, Texas for the continuation of Photon's Rule 30(b)(6) deposition, which Acquia rejected.  Schwartz Decl., ¶¶ 24, 27.  On May 15, 2024, Acquia served a Notice of Deposition on Photon scheduling Photon's continued Rule 30(b)(6) deposition in Westwood, Massachusetts on May 30.  *Id.*, ¶ 25.  On May 17, 22, and 23, 2024, Acquia's counsel provided Photon with the opportunity to reschedule that deposition date.  *Id.*, ¶¶ 27-29, Exhs. G and H.  Photon proposed no alternative dates and instead stated that the Acquia deposition notice was not "rightful," with no explanation.  *Id.*, ¶ 29, Exh. G.  On May 23, 2024, Acquia's counsel sent an email to Photon stating "[w]e have offered you the chance to reschedule the depositions that we had noticed for May 30th.  If you do not avail yourself of that opportunity, we will expect your witnesses to appear as noticed unless you obtain a protective order."  *Id.*  Photon did not respond prior to filing its Emergency Motion on May 29, 2024.  *Id.*

The fact that Mr. Ramakrishnan works and resides in Texas is of no moment since Photon filed this action in this jurisdiction and he already appeared in Massachusetts for Photon's Rule 30(b)(6) deposition, the continuation of which was ordered on a motion to compel.  Moreover, the asserted travel and lodging cost of $1,103.95 associated with a continued deposition in Massachusetts hardly constitutes an undue burden or expense for Photon, especially since there is no showing that this sum is material to Photon's business and Photon is seeking approximately $1.63 million in this case.  [ECF No. 1 ¶ 23].  Accordingly, the Court should deny the Emergency Motion and enter an order compelling Photon's corporate representative to appear in Westwood, Massachusetts.

B.   Leave Of Court Not Required To Take Mr. Sargent's Deposition In Massachusetts

Photon is mistaken that Acquia needs the Court's permission to take Mr. Sargent's deposition, which was noticed for Westwood, Massachusetts on May 30, 2024.  [ECF No. 78 at 3-4].  The Court's discovery order of March 13, 2024, required Photon to produce its Rule 30(b)(6) witness and Messrs. Levine and Balasubramanian for deposition, but did not limit Acquia's right to take additional depositions if necessary, and it also required Photon to supplement its prior document production by no later than March 27, 2024.  [ECF No. 64 at 6-8]. Photon first served verified answers to Acquia's Interrogatory Nos. 1-3 on March 6, 2024, [ECF No. 62 at 3-10], and verified amended answers on March 12, and 27, each of which was verified by Mr. Sargent.  Schwartz Decl., ¶¶ 4-5, 8.

Contrary to Photon's assertion [ECF No. 78 at 3], however, fact discovery was *not* closed for Acquia at that time.  Indeed, the Court (Saylor, J.) held a status conference later that afternoon during which the parties discussed the Court's discovery order of March 14, 2024, on Acquia's Second Motion to Compel.  In that status conference Judge Sayler noted that Acquia

8

may need to take additional discovery based on Photon's supplemental document production, which was then due on March 27, 2024. Schwartz Decl., ¶ 7. Judge Saylor then extended fact discovery to May 10, 2024. [ECF No. 65]. There was no limitation on Acquia's ability to notice additional depositions based on Photon's additional discovery responses.

On April 25, 2024, Judge Saylor held another status conference during which Photon's counsel explained it had not produced documents on March 27, 2024, as required by this Court's March 14, 2024 Order because it was a "snake bitten project." Schwartz Decl., ¶ 20; [ECF No. 69-5]. Thereafter, Judge Saylor expressed frustration at the inability to conclude discovery but entered an electronic order requiring *remaining fact discovery* to be completed by June 7, 2024. [ECF No. 65 (emphasis added)].

On May 10, 2024, Photon sent an email to Acquia's counsel stating that it opposed the taking of Mr. Sargent's deposition on the grounds that he was not one of the three depositions permitted by this Court in the March 14, 2024 Order. Schwartz Decl., ¶ 23, Exh. C. On May 15, 2024, Acquia served a Notice of Deposition on Photon scheduling Mr. Sargent's deposition in Westwood, Massachusetts for May 30. *Id.*, ¶ 25. On May 17, 2024, at Photon's request, Acquia's counsel explained why it is permitted to take Mr. Sargent's deposition without leave of court and suggested Photon move for a protective order if it disagreed. *Id.*, ¶ 27, Exh. H. On May 23, 2024, Acquia's counsel sent an email to Photon stating, "[w]e have offered you the chance to reschedule the depositions that we had noticed for May 30th. If you do not avail yourself of that opportunity, we will expect your witnesses to appear as noticed unless you obtain a protective order." *Id.*, ¶ 29, Exh. G. Photon did not respond for almost a week until serving its Emergency Motion on May 29, 2024. *Id.*

Acquia is permitted to take Mr. Sargent's deposition without leave of court because discovery is still ongoing and, with reasonable notice, Acquia is entitled to take depositions arising out of Photon's discovery responses.  Moreover, Mr. Sargent's deposition should be taken in Massachusetts given his position as a Photon executive.  *See In re Good Hope Industries, Inc.*, 14 B.R. at 946-47. Photon's sole argument for a protective order is that "Acquia *lacks the Court's permission* to take Mr. Sargent's deposition."  [ECF No. 78 at 4 (emphasis added)].  Acquia did not need the Court's permission to take Mr. Sargent's deposition and, accordingly, the Court should deny the Emergency Motion and enter an order compelling Mr. Sargent to appear in Westwood, Massachusetts on a date selected by Acquia.

C.  Mr. Balasubramanian's Deposition In London

This Court ordered Mr. Balasubramanian to appear for a four-hour deposition in London. [ECF No. 64 at 8].  After Acquia requested available dates, on April 12, 2024, Photon's counsel sent an email to Acquia proposing *Saturday* April 20 for Mr. Balasubramanian's deposition. Schwartz Decl., ¶ 17, Exh. D.  Photon's counsel also stated that if April 20 did not work, "no worries, we'll find a date that works."  *Id.*  On April 15, 2024, Acquia replied that April 20 would not work as Photon had not made its court-ordered document production.  *Id.*, ¶ 18.  On May 14, 2024, Photon's counsel sent another email to Acquia proposing *Saturday* June 1 for Mr. Balasubramanian's deposition.  *Id.*, ¶ 24, Exh. F.  Photon's counsel also stated that if June 1 "does not work for your team, please let me know."  *Id.*  Acquia responded by informing Photon that Acquia would not take Mr. Balasubramanian's deposition on a weekend.  *Id.*, ¶ 27, Exh. G.

With discovery cut off impending, on May 15, 2024, Acquia served a Notice of Deposition scheduling Mr. Balasubramanian's deposition in London for June 4, 2024.  *Id.*  On May 17 and 23, 2024, Acquia's counsel asked Photon to propose alternative weekday dates in

June for Mr. Balasubramanian's deposition if June 4th was not convenient.  *Id.*, ¶¶ 27, 29, Exhs.

G and H.  Photon did not respond to that invitation.  *Id.*  On May 23, 2024, Acquia's counsel sent

an email to Photon stating, "if we cannot come to an agreement as to an alternative date and you

do not obtain a protective order, we will expect your witness to appear and testify."  *Id.*, ¶ 29,

Exh. G.  Photon did not respond prior to filing its Emergency Motion on May 29, 2024.  *Id.*

Photon's sole argument for a protective order is an undue burden of Mr. Balasubramanian having

to appear for a deposition "*at an unidentified place* on a date that he is unavailable."  [ECF No.

78 at 4 (emphasis added)].

Photon made no effort to negotiate a mutually acceptable date and location for Mr.

Balasubramanian's deposition before filing its Emergency Motion.  Accordingly, Photon has

failed to meet its burden and the Court should deny the Emergency Motion and enter an order

compelling Mr. Balasubramanian to appear in London on June 19, 2024,[10] at a location

identified by Acquia or in Massachusetts by no later than June 21, 2024.

   D.   Mr. Levine Should Be Compelled To Appear In Massachusetts

The Court specifically ordered that Acquia was entitled to take Mr. Levine's deposition.

Schwartz Decl., ¶ 6.   Based on Photon's website, Mr. Levine is Photon's Executive Vice

President, Chief Marketing Officer.  *Id.*, ¶ 27.  As Mr. Levine is an officer of Photon, Acquia is

entitled to depose Mr. Levine in Massachusetts.  *See In re Good Hope Industries, Inc.*, 14 B.R. at

946-47.  After Acquia requested available dates for Mr. Levine's deposition, on May 13, 2024,

Photon's counsel sent an email to Acquia offering May 20, 21, or 23 and purporting to require

that Mr. Levine's deposition must occur near his residence in Haworth, New Jersey.  *Id.*, ¶ 24,

---

[10]      During an in person meet and confer on May 30, 2024, Photon's counsel suggested Photon might make Mr.
Balasubramanian available for deposition on June 19, 2024, in London, but has not confirmed that date.  Schwartz
Decl., ¶ 34.

Exh. E.  On May 15, 2024, Acquia's counsel replied to Photon informing Photon that Acquia's counsel was unavailable to take Mr. Levine's deposition on the proposed dates and served a Notice of Deposition on Photon scheduling Mr. Levine's deposition in Westwood, Massachusetts on May 29.  *Id.*, ¶ 25, Exh. G.  On May 16, 2024, Photon's counsel sent an email to Acquia contending, for the first time, that Mr. Levine was no longer employed by Photon.  *Id.*, ¶ 26, Exh. H.  On May 17, 2024, Acquia's counsel offered to negotiate an alternate date and requested proof that Mr. Levine was no longer employed by Photon, and if so, his last known home address for Acquia to serve a subpoena.  *Id.*, ¶ 27.   Photon refused to provide proof of Mr. Levine's employment status or his last known address.  *Id.*

On May 23, 2024, Acquia's counsel sent an email to Photon stating, "[w]e have noticed Mr. Levine's deposition for May 29th at our office in Westwood.  You have not provided evidence that he no longer works for Photon (or its affiliates) and we expect him to appear pursuant to the notice unless you obtain a protective order."  *Id.*, ¶ 29, Exh. G. Photon again did not respond, nor did it seek a protective order in advance of Mr. Levine's deposition.  *Id.*  At 10:46 a.m. EDT on May 28, 2024, Acquia sent an email to Photon stating "[f]or Mr. Levine, we expect to see you at our office in Westwood tomorrow at 9:30 a.m."  *Id.*, ¶ 30.[11]  Photon again did not respond.  *Id.*  Photon never provided the requested information to demonstrate Mr. Levine's separation from Photon and ignored Acquia's May 23 and 28, 2024 emails clearly indicating Acquia's intent to proceed with Mr. Levine's deposition on May 29 in the absence of a protective order.  *Id.*, ¶¶ 29-30.

---

[11]     A copy of Acquia's email to Photon's counsel is attached as Exhibit I to the Schwartz. Decl.

On May 29, 2024, Acquia's counsel commenced the deposition with neither Mr. Levine nor Photon's counsel present.  *Id.*, ¶ 31.  Shortly thereafter, Acquia's counsel sent a letter to Photon stating "[w]e went on the record at 10:00 a.m. and waited for a reasonable time before allowing the Court reporter to leave." *Id.*[12]  The letter also indicated Acquia's intent to proceed with Photon's continued Rule 30(b)(6) deposition and Mr. Sargent's deposition in Westwood, Massachusetts on May 30, and Mr. Balasubramanian's deposition on June 4.  *Id.*  In response, Photon served this Emergency Motion after the noticed deposition start times from Photon's Rule 30(b)(6) witness and Mr. Sargent.  *Id.*, ¶ 33.

Acquia respectfully requests that the Court sanction Photon $3,675 for Mr. Levine's failure to appear at his duly noticed deposition.  *See East Boston Ecumenical Cmty., v. Mastrorillo*, 133 F.R.D. 2, 4-5 (D. Mass. 1990) (sanctioning defendant for failing to appear at his deposition).  This amount reflects time spent by Acquia's counsel in preparing to take Mr. Levine's deposition as well as the attendance fee for the court reporter.  Schwartz Decl., ¶ 32.  Moreover, Acquia requests that the Court enter an order compelling Photon to produce Mr. Levine for his deposition in Massachusetts at a date chosen by Acquia or to provide Acquia with evidence of Mr. Levine's departure from Photon and Mr. Levine's last known address to allow Acquia to properly issue a subpoena to him.

<u>CONCLUSION</u>

For the foregoing reasons, Acquia respectfully requests that the Court deny Photon's Emergency Motion for Protective Order and grant Acquia's Cross Motion to Compel and for

---

[12]     A copy of Acquia's letter to Photon is attached as Exhibit J to the Schwartz Decl.

Sanctions, to include an award of Acquia's reasonable expenses incurred in bringing its Cross

Motion, including attorney's fees pursuant to Fed. R. Civ. P. 37(b)(2)(C).


Dated:  June 4, 2024


                                        Respectfully Submitted,

                                        Acquia Inc.,
                                        By its attorney,

                                        /s/ Irwin B. Schwartz_____
                                        Irwin B. Schwartz (BBO# 548763)
                                        ischwartz@blaschwartz.com
                                        BLA Schwartz, PC
                                        One University Ave., Suite 302B
                                        Westwood, Massachusetts 02090
                                        Phone:  781-636-5000
                                        Fax:     781-636-5090



### CERTIFICATE OF SERVICE

 I, Irwin B. Schwartz, as attorney for Defendant Acquia, Inc., hereby certify that on this 4th day of
June 2024, I filed the foregoing document with the Clerk of the Court using the CM/ECF system
which will send notification of such filing to all counsel of record.

                                        /s/ Irwin B. Schwartz
                                        Irwin B. Schwartz