UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) )  Civil Action No. 22-12052-FDS ) ) ) ) ) ) |

ORDER ON DEFENDANT ACQUIA, INC.'S MOTION
TO COMPEL DISCOVERY AND FOR SANCTIONS
[Docket No. 68]

June 21, 2024

Boal, M.J.

Defendant Acquia, Inc. moves to compel discovery from plaintiff North America Photon Infotech, Ltd. ("Photon"). Docket No. 68. Acquia also moves for sanctions. Id. For the following reasons, this Court grants the motion to compel and reserves decision on the request for sanctions.[1]

I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about August 12, 2015, Photon and Acquia entered into the Acquia Business Partner Referral Agreement (the "Referral Agreement"). Complaint ¶ 11 and Ex. A. Pursuant to the Referral Agreement, Acquia was to pay Photon commissions for referrals resulting in sales of Acquia products. See generally Ex. A to Complaint.

---

[1] Chief Judge Saylor referred the motion to the undersigned on April 25, 2024. Docket No. 72.

1

Photon alleges that from 2015 to 2019, it referred nearly thirty of its clients to Acquia. Complaint ¶ 14. By this action, Photon is seeking commissions related to the largest three customers referred to Acquia by Photon: Mars, Walgreens, and Bayer. See id. ¶¶ 15-25.

A.     Interrogatories

In a January 11, 2024, order on Acquia's first motion to compel, this Court found that Photon's answers to Acquia's Interrogatory Nos. 1-3 were deficient. Docket No. 50 at 3 n.2. The subject interrogatories seek the identity of each Acquia product that is the basis for certain of Photon's claims. See Docket No. 34-4 at 4-6. In its answers, Photon relied on Rule 33(d) of the Federal Rules of Civil Procedure. As this Court explained, however, it is generally inappropriate to rely on Rule 33(d) when an interrogatory seeks a party's contention or facts supporting the party's allegations, and therefore the answers were deficient. Docket No. 50 at 3 n.2.

On February 6, 2024, Acquia filed a second motion to compel requesting that Photon supplement its responses to Interrogatory Nos. 1-3 to include the dates and net sales prices of Acquia product subscriptions and services that form the basis for Photon's claim for unpaid commissions. Docket No. 55. During the pendency of that motion, Photon supplemented its responses to the subject interrogatories. Docket No. 62 at 2-10. However, those responses also relied on Rule 33(d), and, on March 13, 2024, this Court again found Photon's answers deficient on that basis as well as others. Docket No. 64 at 5. Photon was given two weeks to provide supplemental answers.

On April 19, 2024, Acquia filed a third motion to compel supplemental interrogatory answers and documents and for sanctions. Docket No. 68. Photon filed an opposition on May 7, 2024. Docket No. 73.

In its response to this Court's order to show cause as to why it should not be sanctioned

for its failure to follow this Court's orders regarding Interrogatory Nos. 1-3, Photon yet again argued that Rule 33(d) applies to the interrogatories at issue. Docket No. 67 at 2-4. As explained in two of this Court's previous orders, Interrogatory Nos. 1-3 request that Photon identify each and every Acquia product that forms the basis for Photon's claims, meaning that these interrogatories explicitly seek facts supporting Photon's allegations. As such, it is inappropriate for Photon to rely on Rule 33(d). See JH Enter. v. Am. Guar. And Liab. Ins. Co., No. 8:21-cv-2020-TPB-SPF, 2022 WL 19919878, at *5 (M.D. Fla. Mar. 30, 2022); see also AMAG Pharm., Inc. v. Am. Guarantee and Liab. Ins. Co., No. 21-CV-10618-LTS, 2022 WL 16950437, at *7 (D. Mass. Nov. 15, 2022). Indeed, at oral argument it became clear that Photon was relying on a chart prepared by Acquia on a particular date (Docket No. 62-1 at 6-7) which in no way answers the interrogatories' request for the basis of Photon's claim for unpaid commissions for the entirety of the period relevant to this case. Moreover, Photon argues that the records have a line that identifies a dollar amount for the Acquia product subscriptions "which is the 'net sales price' of the subscription." Docket No. 67 at 3. However, because this language is not in the interrogatory response, Photon has failed to answer the interrogatory properly. Indeed, its argument illustrates why Rule 33(d) may not be used in this context.

   At oral argument, counsel for Photon agreed to provide further supplemental interrogatory responses in an appropriate manner.

   B. <u>Document Requests</u>

   Acquia originally sought an order compelling Photon to produce all outstanding documents and communications responsive to its requests outlined in Docket No. 56 at 6-7. Docket No. 68 at 5. At the June 20, 2024, hearing, Acquia's counsel stated that two requests remain outstanding: (1) Photon's communications with KPMG with respect to Acquia

commissions and all internal accounting documents concerning Acquia commissions, including documentation of any revenues or reserves; and (2) emails received by anyone at Photon from Joe Wykes in or around 2018. At oral argument, Photon's counsel agreed to search for these documents and provide them to Acquia within two weeks.

Accordingly, the motion to compel is granted.

II.     ORDER

For the foregoing reasons, this Court grants the motion to compel and reserves decision on the request for sanctions. On or before July 5, 2024, Photon must produce to Acquia interrogatory responses and documents as outlined in this order.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE