UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIA, INC., <br><br> Defendant. | Civil Action No. 22-12052-FDS |

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND DEFENDANT'S CROSS-MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS
[Docket Nos. 77, 86]

June 21, 2024

Boal, M.J.

Plaintiff North America Photon Infotech, Ltd. ("Photon") filed an emergency motion for a protective order with respect to three depositions. Docket No. 77. Defendant Acquia, Inc. cross-moved to compel the same three depositions, as well as an additional one, and for sanctions. Docket No. 86. For the following reasons, this Court grants Acquia's motion, except that it reserves decision on the request for sanctions, and denies Photon's motion.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

On or about August 12, 2015, Photon and Acquia entered into the Acquia Business Partner Referral Agreement (the "Referral Agreement"). Complaint ¶ 11 and Ex. A. Pursuant to the Referral Agreement, Acquia was to pay Photon commissions for referrals resulting in sales of Acquia products. See generally Ex. A to Complaint.

---

[1] Chief Judge Saylor referred the motions to the undersigned on May 30, 2024, and June 14, 2024, respectively. Docket Nos. 81, 93.

1

Photon alleges that from 2015 to 2019, it referred nearly thirty of its clients to Acquia. Complaint ¶ 14. By this action, Photon is seeking commissions related to the largest three customers referred to Acquia by Photon: Mars, Walgreens, and Bayer. See id. ¶¶ 15-25.

### A.  Ramakrishan Deposition

At the January 10, 2024, deposition of Photon's Rule 30(b)(6) representative in Massachusetts, Photon's counsel instructed the witness, Hariprasad Ramakrishnan, not to answer questions pertaining to Topics 8 and 9. Docket No. 57-5 at 7-8. Acquia subsequently moved to compel such testimony, which this Court allowed. Docket Nos. 55, 64. Photon refused to make the witness available again in Massachusetts and insisted that the deposition take place in Texas. Docket No. 78 at 2-3. However, Photon elected to bring suit in Massachusetts. Plaintiffs are normally required to make themselves available for depositions in their chosen forum absent good cause shown. Stammler v. JetBlue Airways Corp., No. 16-CV-11713-IT, 2017 WL 3131985, at *1 (D. Mass. Apr. 21, 2017) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112).[2] Here, Photon's reliance on the cost of the trip, particularly given that it seeks over $1.3 million in damages in this case, and that its counsel improperly terminated the deposition by instructing the witness not to answer, does not meet the good cause standard. The Rule 30(b)(6) representative must return to Massachusetts for his continued deposition within the next four weeks.

### B.  Sargent Deposition

Photon seeks a protective order with respect to the deposition of Christopher Sargent, its

---

[2] For this reason, Plaintiff's cases cited in support of its position are distinguishable. Docket No. 78 at 2. They involve the depositions of defendant corporations and their employees.

general counsel. Photon seeks such an order not on the basis of his position[3], but rather because Sargent was not one of the three individuals ordered deposed "after the close of discovery" in the March 13, 2024 decision. Docket No. 78 at 3.

Photon's arguments are misplaced. It relies on a March 8, 2024, fact discovery deadline that has since been superseded three times. Docket Nos. 65, 71, 90. For example, pursuant to Judge Saylor's April 25, 2024, scheduling order, fact discovery was scheduled to end on June 7, 2024, making the timing of Sargent's May 30, 2024, deposition appropriate. Docket No. 71. In addition, this Court's March 13, 2024, order only ruled on issues pertaining to the three depositions that were before it at that time. It did not preclude any discovery that was not presented by the subject motions. Accordingly, Sargent's deposition must go forward in Massachusetts within the next four weeks.

   C. Balasubramanian Deposition

By order dated March 13, 2024, over Photon's objection, this Court ordered a four-hour deposition of Srinivas Balasubramanian, Photon's Chief Executive Officer, to take place in London or by Zoom, at Acquia's election. Docket No. 64 at 7-8. This issue is one that the parties should have been able to resolve among themselves. However, Photon unreasonably offered dates on Saturdays only for the deposition. Acquia then proposed a date on which Photon represented that the witness was unavailable. Acquia asked Photon for other dates, which Photon

---

[3] An argument based on Sargent's position as general counsel would be unavailing here. In most cases, the depositions of opposing counsel are disfavored. Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003). However, the crucial factor in determining whether a lawyer should be deposed is the extent of the lawyer's involvement in the pending litigation. Nat'l W. Life Ins. Co. v. W. Nat'l Life Ins. Co., No. A-09-CA-711-LY, 2010 WL 5174366, at *3 (W.D. Tex. Dec. 13, 2010); see also Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986). Here, both parties confirmed at oral argument that Sargent verified the factual statements in Photon's interrogatory responses thereby making his deposition plainly appropriate. See also Docket No. 88-2 at 11.

did not provide. The deposition must go forward and take place in London within the next four weeks.

### D. Levine Deposition

Acquia previously moved to compel the deposition of Michael Levine. Docket No. 55. As indicated in this Court's March 13, 2024, order, Photon did not object and the motion was granted. Docket No. 64 at 7. For the first time, in a May 16, 2024, email, Photon suggested that Levine was no longer an employee and therefore did not have to appear for a deposition unless he was subpoenaed. Docket No. 87 at 12; Docket No. 88-8. Yet, Acquia has provided evidence that Levine appeared as an employee on Photon's website as late as May 31, 2024, and listed Photon as his employer his LinkedIn page. Docket No. 88 at ¶ 27; 88-11 at 2. Photon refused to provide proof of Levine's employment status or his last known address. Docket No. 87 at 12. At oral argument, Photon's counsel was curiously vague about Levine's status and could not provide an address for service for Levine even though counsel maintained that he still represented Levine. He offered to conduct a Westlaw search for Levine's address, but provided no explanation as to why he could not ascertain Levine's address from Photon's own files.

Levine's deposition must go forward and to that extent the motion to compel is granted. I have separately ordered Photon to provide a sworn affidavit regarding Levine's status with the company and, if needed, his last known address.

## III. ORDER

For the foregoing reasons, this Court grants Acquia's motion to compel and denies Photon's motion for a protective order. I reserve decision on Acquia's request for sanctions.

                                            /s/ Jennifer C. Boal
                                            JENNIFER C. BOAL
                                            U.S. MAGISTRATE JUDGE