## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| —————————————————— ) | |
| **NORTH AMERICAN PHOTON** ) | |
| **INFOTECH, LTD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **22-12052-FDS** |
| ) | |
| **ACQUIA INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| —————————————————— ) | |

### MEMORANDUM AND ORDER ON PLAINTIFF'S
### <u>OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS</u>

SAYLOR, C.J.

This is a contract dispute arising from a referral agreement. Defendant Acquia Inc. is a software development company that sells cloud platform-related products and services. Plaintiff North American Photon Infotech alleges that it entered into a referral agreement with Photon, under which it would receive a share of the license fees paid to Acquia by each client Photon referred to it. Photon alleges that it was not paid its correct share of the license fees collected from several referred clients who became Acquia customers.

The case is in the discovery phase and is presently referred to Magistrate Judge Jennifer C. Boal for pretrial proceedings. On June 21, 2024, Magistrate Judge Boal issued several orders partly granting two motions to compel discovery and for sanctions filed by defendant. Plaintiff has objected to those orders pursuant to Fed. R. Civ. P. 72(a). For the following reasons, the objections will be overruled.

I.      **Standard of Review**

Under Fed. R. Civ. P. 72(a), a district judge may modify or set aside a decision of a magistrate judge on a non-dispositive matter only if it "is clearly erroneous or is contrary to law." Pure questions of law are reviewed *de novo*. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Factual findings are clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 63-64 (1st Cir. 2013). Mixed questions of fact and law are reviewed according to a sliding scale, under which "[t]he more fact intensive the question, the more deferential the level of review (although never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review." *Id.* at 64.

II.     **Analysis**

Plaintiff has objected to several components of Magistrate Judge Boal's orders compelling discovery and granting sanctions. First, it objects to the order that it produce certain interrogatory responses and requested documents. (ECF No. 98).[1] Second, it objects to the order that Michael Levine, an identified witness, appear for deposition. (ECF Nos. 99 and 102).

A.      **Interrogatory Responses**

During discovery, defendant submitted three interrogatories requesting that plaintiff identify each product it contends is a basis for its claims. (Interrog. Nos. 1-3, ECF No. 34-4 at 4-6). In its responses to those interrogatories, plaintiff identified several disclosed business records, relying on Fed. R. Civ. P. 33(d). Magistrate Judge Boal previously found those answers deficient, as the documents did not identify the specific contentions supporting plaintiff's

---

[1] Plaintiff also requests that the Court deny defendant's motion for sanctions. Magistrate Judge Boal expressly reserved the decision on that motion, and thus there is no objection properly before the Court. To the extent that plaintiff's motion seeks any such relief, therefore, it will be denied.

allegations.  (ECF No. 50 at 3 n.2).  Plaintiff subsequently supplemented its responses, but again (relying on Rule 33(d)) merely provided a list of previously disclosed business records.  (ECF No. 62-1 at 2-6).  In response to a further motion to compel, Magistrate Judge Boal again found that plaintiff's responses were deficient and ordered it to properly supplement its responses. (ECF No. 64 at 5-6).[2]  Despite that order, plaintiff again appears to have supplemented its responses with another list of documents.  (Tr. of June 20, 2024 Motion Hearing, ECF No. 104 at 13-14).  Plaintiff now contends that it is entitled to rely on Rule 33(d) and should not be required to answer the interrogatories directly.

Plaintiff's apparent unwillingness to comply with the court's orders is perplexing. Magistrate Judge Boal's finding that plaintiff could not rely on Rule 33(d) in response to Interrogatories Nos. 1-3 was entirely appropriate.  Those interrogatories plainly require plaintiff to identify their contentions for the purposes of the present proceedings, rather than disclose any specific facts—a request that might lend itself to a compilation of documents as permitted by Rule 33(d).  *See* L.R. 26.5(8); *AMAG Pharms., Inc. v. American Guarantee & Liab. Ins. Co.*, 2022 WL 16950437, at *7 (D. Mass. Nov. 15, 2022).

Magistrate Judge Boal ordered plaintiff to supplement its responses to Interrogatories Nos. 1-3 by clearly and affirmatively stating, in intelligible written responses, which products it contends form the basis of its claims.  Her order is neither erroneous nor contrary to law. Plaintiff's objections to that order will be overruled, and the decision over whether to impose sanctions for its continued noncompliance is a matter presently referred to Magistrate Judge Boal for resolution.

---

[2] Plaintiff did not object to either of Magistrate Judge Boal's previous two orders ordering it to supplement its interrogatory responses.

3

### B.    Requested Documents

Plaintiff next objects to the order of the Magistrate Judge to produce two categories of documents:  "(1) Photon's communications with KPMG with respect to Acquia commissions and all internal accounting documents concerning Acquia commissions, including documentation of any revenues or reserves; and (2) emails received by anyone at Photon from Joe Wykes in or around 2018."  (ECF No. 98 at 3-4).  It contends that the order is erroneous because it failed to find that those documents were within the scope of defendant's requests for production under Fed. R. Civ. P. 34; it failed to provide plaintiff an opportunity to respond or object to the request; and it incorrectly stated that its counsel had agreed to search for the documents at issue.

Those assertions are without merit.  None of Magistrate Judge Boal's decisions was clearly erroneous or contrary to law.

First, Magistrate Judge Boal made it clear that she found both categories of documents to be within the scope of defendant's requests for production.  (*See, e.g.*, ECF No. 98 at 7 ("I understand you're making an argument that [a Wykes document] was not encompassed in the request.  It seems to me it was encompassed in the request, and so you don't have any other objection to it.  So it sounds to me the resolution of this is to run a search for Mr. Wykes in 2018.").  Although the order does not expressly state a finding that both categories of documents fall within the scope of defendant's requests for production, that finding was clearly expressed during the hearing on the motion and was a necessarily implied finding in light of the granted motion to compel.  The Court agrees with that conclusion.

Second, plaintiff had multiple opportunities to respond and object to defendant's motion to compel, which included both categories of documents.  (ECF No. 70 at 6).  Indeed, defendant filed an opposition to the motion, but failed to raise any objection to either category.  (ECF No. 73).  Moreover, at the hearing on the motion, Magistrate Judge Boal gave plaintiff's counsel

multiple opportunities to raise any objections to either category, beyond the contention that they did not fall within the scope of defendant's requests for production, and he declined to raise any such objection.  (ECF No. 98 at 7-8).

Third, the fact of plaintiff's counsel's agreement, or lack thereof, to produce the documents at issue has no apparent bearing on the magistrate judge's determination, and did not impact Magistrate Judge's Boal's reasonable determination of the issues presented by the motion.  That objection provides no ground whatsoever to disturb that decision.[3]

Accordingly, plaintiff's objections as to the ordered production of the documents in question will be overruled.

## C.   Deposition of Michael Levine

Plaintiff next objects to the order compelling the deposition of Michael Levine. Defendant previously moved to compel Levine's deposition in February 2024.  (ECF No. 55). Magistrate Judge Boal granted that motion without any objection from plaintiff.  (ECF No. 64 at 7).  On May 15, defendant served notice of depositions for several witnesses, including Levine.  (ECF No. 96-1 at 1).  On May 16, plaintiff's counsel informed defendant that Levine was "no longer employed by Photon."  (ECF No. 88-8 at 2).  At the hearing on the motion, plaintiff's counsel appears to have had extremely limited information concerning Levine, despite claiming to still represent him, including his precise employment status or current address.  (ECF No. 98 at 27-31).  In resolving the motion to compel, Magistrate Judge Boal ordered that "Levine's deposition must go forward and to that extent the motion to compel is granted," and "separately ordered Photon to provide a sworn affidavit regarding Levine's status with the

---

[3] To the extent that the objection concerns the deadline Magistrate Judge Boal set for plaintiff to produce the documents in question, that deadline is neither clearly unreasonable nor contrary to law.  Plaintiff may request an adjustment to that deadline from Magistrate Judge Boal, but it is not within the scope of the present objections.

company and, if needed, his last known address." (ECF No. 99 at 4). Plaintiff has since

represented that Levine left its employment on March 29, 2024. (ECF No. 101). Plaintiff's

counsel has also provided Levine's last known address to defendant. (*Id.*). Magistrate Judge

Boal then ordered that Levine's deposition take place by July 19, 2024. (ECF No. 102).

Plaintiff has objected to those on the grounds that it does not control Levine as a former

employee; this court lacks personal jurisdiction over him; and the deadline imposed by

Magistrate Judge Boal's order was unreasonable in light of a family medical emergency.[4]

Plaintiff is correct, as a general matter, that a party usually cannot compel the testimony

of a former employee by notice of a deposition. *See Infinity Fluids Corp. v. General Dynamics*

*Land Sys.*, 2015 WL 14071150, at *2 (D. Mass. Dec. 23, 2015). Instead, the appropriate course

for obtaining a former employee's testimony is through a subpoena pursuant to Fed. R. Civ.

P. 45.[5] However, Magistrate Judge Boal's order only states that Levine's deposition "must go

forward"; it does not directly order plaintiff to produce him. If there is an issue with respect to

the validity of a Rule 45 subpoena, it is not before the Court. There was no legal error in setting

the July 19, 2024, deadline for the parties to complete that deposition.

Plaintiff's other objections are unavailing. First, even assuming that plaintiff has

standing to object to the Court's assertion of jurisdiction over Levine, it has provided no basis

whatsoever to support its bare assertion that it cannot do so. Second, as discussed, the order

---

[4] Plaintiff also appears to suggest that Levine should not have been compelled to testify through notice of a deposition under Fed. R. Civ. P. 30(b)(1) because he was not an "officer, director, or managing agent" for Photon. *See* 8A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2107 (3d ed.). To the extent that objection could have ever applied, plaintiff waived it by failing to object to Magistrate Judge Boal's previous order compelling Levine's deposition (ECF No. 64). In light of Levine's apparent departure from plaintiff's employment, however, the objection is irrelevant.

[5] Magistrate Judge Boal appears to have granted the motion to compel based on some uncertainty as to Levine's current employment status. That uncertainty seems to have since been resolved. (ECF No. 101).

requiring that Levine's deposition be completed by July 19, 2024, was neither clearly erroneous

nor contrary to any law.  The appropriate avenue to pursue an extension of time to complete that

deposition is before Magistrate Judge Boal, the judicial officer who set the deadline.

**III.**     <u>**Conclusion**</u>

For the foregoing reasons, plaintiff's objections to the orders of the Magistrate Judge are

OVERRULED.

**So Ordered.**

<div style="margin-left:50%">

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

</div>

Dated:  July 11, 2024                            Chief Judge, United States District Court