UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
NORTH AMERICA PHOTON                          )
INFOTECH, LTD.,                                       )
)
          Plaintiff,                                      )
)
                    v.                                    )          Civil Action No. 22-12052-FDS
)
ACQUIA, INC.,                                        )
)
          Defendant.                                   )
_____)

ORDER ON DEFENDANT ACQUIA, INC.'S MOTIONS FOR MONETARY SANCTIONS
[Docket Nos. 68, 86]

August 19, 2024

Boal, M.J.

          Defendant Acquia, Inc. moves for sanctions against plaintiff North America Photon

Infotech, Ltd. ("Photon"). Docket Nos. 68, 86. For the following reasons, this Court grants the

motions for monetary sanctions.[1]

I.          FACTUAL AND PROCEDURAL BACKGROUND

          On or about August 12, 2015, Photon and Acquia entered into the Acquia Business

Partner Referral Agreement (the "Referral Agreement"). Complaint ¶ 11 and Ex. A. Pursuant to

the Referral Agreement, Acquia was to pay Photon commissions for referrals resulting in sales of

Acquia products. See generally Ex. A to Complaint.

          Photon alleges that from 2015 to 2019, it referred nearly thirty of its clients to Acquia.

_____
[1] Chief Judge Saylor referred the motions respectively to the undersigned on April 25 and June
14, 2024. Docket Nos. 72, 93.

Complaint ¶ 14. By this action, Photon is seeking commissions related to the largest three customers referred to Acquia by Photon: Mars, Walgreens, and Bayer. See id. ¶¶ 15-25.

A.    Interrogatory Nos. 1-3

On December 5, 2023, Acquia filed a motion to compel ("First Motion to Compel"). Docket No. 32. In response, on January 11, 2024, this Court found that Photon's answers to Acquia's Interrogatory Nos. 1-3 were deficient. Docket No. 50 at 3 n.2. The subject interrogatories sought the identity of each Acquia product that is the basis for certain of Photon's claims. See Docket No. 34-4 at 4-6. In its answers, Photon relied on Rule 33(d) of the Federal Rules of Civil Procedure. As this Court explained, however, it is generally inappropriate to rely on Rule 33(d) when an interrogatory seeks a party's contention or facts supporting the party's allegations, and therefore the answers were deficient. Docket No. 50 at 3 n.2.

On February 6, 2024, Acquia filed another motion ("Second Motion to Compel") requesting that Photon supplement its responses to Interrogatories 1-3. Docket No. 55. During the pendency of that motion, Photon supplemented its responses to the subject interrogatories. Docket No. 62 at 3-10. However, those responses also relied on Rule 33(d), and, on March 13, 2024, this Court again found Photon's answers deficient on that basis as well as others. Docket No. 64 at 5. Photon was given two weeks to provide supplemental answers and show cause why it should not be sanctioned in the amount requested by Acquia.

On March 28, 2024, Photon filed a response to this Court's show cause order. Docket No. 67. Photon yet again argued that its supplemental answers were sufficient because, pursuant to Rule 33(d), they directed Acquia to documents containing dates and net sales prices of Acquia product subscriptions and services. Id. at 2.

On April 19, 2024, Acquia filed another motion to compel supplemental interrogatory

answers ("Third Motion to Compel"). Docket No. 68. In its June 21, 2024, order, this Court again ruled that Photon's reliance on Rule 33(d) was improper and ordered the production of supplemental interrogatory responses by July 5, 2024. Docket No. 98. On July 5, 2024, Photon filed objections to the June 21, 2024, order.[2] Docket No. 108. On July 11, 2024, Chief Judge Saylor overruled the objections, finding the order to be "entirely appropriate." Docket No. 118 at 3.

      B.    <u>Document Requests</u>

      Acquia's Second Motion to Compel also sought relief with respect to Photon's document production. Docket No. 55. On March 13, 2024, this Court ordered Photon to provide additional responses and documents for Acquia's requests for production numbers 1, 3, and 5. Docket No. 64 at 4. These requests sought, respectively, documents about Photon's alleged referrals to Acquia of Mars, Walgreens, and Bayer, communications between Photon and Mars concerning Acquia, and communications between Photon and Bayer concerning Acquia. On March 27, 2024, Photon made its first supplemental production of 1,311 pages, all of which were designated as Highly Confidential, in a single non-searchable PDF. Docket No. 68 at 2.

      On March 28, 2024, Acquia notified Photon of issues with the first production, including the non-searchable single PDF, the Highly Confidential designation, large categories of emails missing from the production, and emails produced without attachments. <u>Id.</u> On April 4, 2024, counsel for the parties met and conferred. <u>Id.</u> at 3. Photon's counsel agreed to discuss the single non-searchable PDF production with his client and indicated that more materials would be forthcoming. <u>Id.</u>

---

[2] Photon did not object to either of the previous two orders directing it to supplement the interrogatory responses.

On April 9, 2024, Photon made its second production to Acquia, which consisted of a single, non-searchable PDF with 17,347 pages, each of which was designated as Highly Confidential. Id. On April 10, 2024, Acquia sent an email to Photon detailing issues with the production and requesting a meet and confer. Id.

On April 10, 2024, Photon made its third production of documents, which consisted of another single, non-searchable PDF containing 3,181 pages, all designated as Highly Confidential, and including 1,032 blank pages. Id. On April 11, 2024, Acquia sent an email to Photon detailing issues with the production and renewing Acquia's request for a meet and confer. Id.

On April 12, 2024, Photon agreed to reproduce the three productions in separate searchable PDF documents. Id. at 4. Photon did not respond to Acquia's request to meet and confer regarding the missing categories of documents, nor did it explain why the original production was made in single non-searchable PDFs. Id.

On April 18, 2024, Photon informed Acquia that it would provide its privilege log and a corrected production by the end of the day, but it did not indicate whether the production would include any additional documents. Id. On April 19, 2024, Photon informed Acquia that it had not yet received the corrected production from its new vendor. Id.

Photon asserted that it inadvertently produced non-searchable PDF files and, upon learning of the issue, corrected it as quickly as possible. Docket No. 73 at 5. Photon stated that the correction was significantly delayed because "a key member of the litigation support team who had merged the documents unexpectedly became unavailable due to a serious medical reason." Id. Photon hired a new outside e-discovery vendor, but additional issues occurred, further slowing the process. Id.

On May 6, 2024, Photon provided Acquia with a new document production which included searchable PDF files, a privilege log, and additional materials located after April 10, 2024. Docket No. 73 at 6.

Acquia's Third Motion to Compel sought further relief with respect to Photon's document production. Docket No. 68. At a June 20, 2024, hearing before this Court, counsel for Photon agreed to search for additional documents and provide them to Acquia within two weeks. Docket No. 98 at 3-4. On June 21, 2024, this Court issued an order directing Photon to produce: (1) Photon's communications with KPMG with respect to commissions and all internal accounting documents concerning Acquia commissions, including documentation of any revenues or reserves; and (2) emails received by anyone at Photon from Joe Wykes in or around 2018. Id. On July 5, 2024, Photon filed objections to this order, which Chief Judge Saylor overruled. Docket Nos. 108, 118.

C.    Depositions

As part of its Second Motion to Compel, Acquia moved to compel the deposition of Michael Levine. Docket No. 55. As indicated in this Court's March 13, 2024 order, Photon did not object and the motion was granted. Docket No. 64 at 7.

On May 15, 2024, Acquia noticed Levine's deposition for May 29, 2024 in Westwood, Massachusetts. For the first time, in a May 16, 2024, email, Photon suggested that Levine was no longer an employee and therefore needed to be subpoenaed for a deposition in New Jersey. Docket Nos. 87 at 12; 88-8. Acquia objected to the location and requested evidence showing that Levine was no longer with Photon. Docket No. 87 at 5. Photon did not provide any evidence. On May 23, 2024, Acquia emailed Photon noting the lack of evidence and stating that it had noticed the deposition for May 29, 2024, and that it expected Levine "to appear pursuant to the notice

unless you obtain a protective order." Id. at 12. Photon did not respond or file for such an order. Finally, on May 28, 2024, Acquia sent an email to Photon stating that they expected to see Levine in Westwood the next morning. Id. Again, there was no response. Id.

On May 29, 2024, Acquia's counsel commenced the deposition with neither Levine nor Photon's counsel present. Id. at 13. Acquia's counsel waited, but no one from Photon arrived. Id. Acquia's counsel then sent a letter to Photon stating that they "went on the record at 10:00 a.m. and waited for a reasonable time before allowing the Court reporter to leave." Id. Shortly thereafter, on May 29, 2024 at 2:46 p.m., Photon filed an emergency motion for a protective order, however the motion did not seek to prevent Levine's deposition. Docket No. 77. Rather, the motion sought relief with respect to three other individuals. On June 4, 2024, Acquia filed a cross motion to compel and for sanctions ("Fourth Motion to Compel"). Docket No. 86.

This Court held a hearing on June 20, 2024. As noted in this Court's June 21, 2024, order, Photon's counsel was curiously vague about Levine's status and could not provide an address for service for Levine, even though counsel maintained that he still represented Levine. Docket No. 99 at 4. This Court ordered Photon to file a sworn affidavit signed by counsel or a knowledgeable employee at Photon, stating Levine's current status at Photon, the date of his departure, if any, and the reason for such departure. Id.

On June 21, 2024, this Court also denied Photon's emergency motion, and ordered the depositions of (1) Hariprasad Ramakrishnan[3], Photon's 30(b)(6) witness; (2) Christopher Sargent, Photon's general counsel; and (3) Srinivas Balasubramanian, Photon's Chief Executive

---

[3] At the January 10, 2024, deposition of Photon's Rule 30(b)(6) representative in Massachusetts, Photon's counsel instructed Ramakrishnan not to answer questions pertaining to Topics 8 and 9. Docket No. 57-5 at 7-8. Acquia subsequently moved to compel such testimony, which this Court allowed. Docket Nos. 55, 64. Photon refused to make the witness available again in Massachusetts and insisted that the deposition take place in Texas. Docket No. 78 at 2-3.

Officer.[4] Docket No. 99.  On July 5, 2024, Photon filed an objection to, <u>inter alia</u>, this Court's denial of Photon's emergency motion. Docket No. 107.  On July 11, 2024, Chief Judge Saylor overruled Photon's objection. Docket No. 118. On that same date, Photon filed a motion to continue the depositions of Photon's 30(b)(6) representative and Christopher Sargent. Docket No. 115. This Court denied the motion on July 12, 2024. Docket No. 120.

On July 12, 2024, Photon filed an emergency motion for extension of time to, <u>inter alia</u>, depose Photon's 30(b)(6) representative and Sargent. Docket No. 119. On the same day, this Court denied the motion. Docket No. 123.

      D.     <u>Motions For Sanctions</u>

On March 7, 2024, Acquia's counsel submitted a letter requesting $5,000 in attorneys' fees for having to file the Second Motion to Compel. Docket No. 62. In its Third Motion to Compel, Acquia requested sanctions in the amount of $10,000 in conjunction with the filing of that motion as well as the time spent reviewing Photon's problematic document production. Docket No. 68. It also repeated its request for $5,000 in sanctions for filing the Second Motion to Compel. <u>Id.</u> On June 4, 2024, Acquia, in its Fourth Motion to Compel, requested sanctions based on Levine's failure to show for the May 29, 2024, deposition. Docket No. 86.

On June 20, 2024, this Court ordered Acquia to file billing records in support of its request for sanctions, which Acquia did on July 2, 2024. Docket Nos. 97, 106.  On July 19, 2024, Photon filed an objection to Aquia's declaration.  Docket No. 124.

---

[4] This Court had previously ordered a four-hour deposition of Balasubramanian to take place in London or by Zoom, at Acquia's election. Docket No. 64 at 7-8. Photon thereafter proposed only unreasonable dates such as Saturdays and July 4th for the deposition.

II.     ANALYSIS

A.     Standard Of Review

Acquia moves for sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil

Procedure. Docket Nos. 70 at 1; 87 at 14; 112 at 1. Pursuant to that rule, "[i]f a party . . . fails to

obey an order to provide or permit discovery," the court "may issue further just orders,"

including directing that certain matters or facts be taken as established, prohibiting the

disobedient party from supporting or opposing certain claims or defenses, striking pleadings, or

even dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to" these

sanctions, "the court must order the disobedient party, the attorney advising that party, or both to

pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure

was substantially justified or other circumstances make an award of expenses unjust." Fed. R.

Civ. P. 37(b)(2)(C).

Rule 37(b)(2) "requires two things as conditions precedent to engaging the gears of the

rule's sanction machinery: a court order must be in effect, and then must be violated, before the

enumerated sanctions can be imposed." R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15

(1st Cir. 1991). "If, after a court order on a motion to compel, the plaintiffs refuse to comply with

the specific order for productions, sanctions can appropriately be imposed under Rule 37(b)(2)."

Big Top USA, Inc. v. Wittern Group, 183 F.R.D. 331, 338 (D. Mass. 1998) (internal quotation

marks and modifications omitted).

Courts consider the following factors in determining an appropriate sanction for a

violation of a discovery order:

> (1) the willfulness or bad faith of the noncomplying party; (2) the prejudice to the
> opposing party; (3) whether the procedural history indicates 'protracted inaction or
> deliberate delay,' (4) the disregard of earlier warnings of the consequences of the
> misconduct; and (5) the availability of less draconian factors.

Id. (citation omitted).

      B.      Sanctions And Attorneys' Fees

      1.      Acquia's Second Motion To Compel

Acquia requests that this Court sanction Photon $5,000 for Photon's improper use of Rule 33(d) of the Federal Rules of Civil Procedure despite this Court's January 11, 2024 order not to do so. Docket No. 68 at 1. Photon did not appeal nor seek reconsideration of that order.

In its response to this Court's order to show cause as to why it should not be sanctioned for its failure to follow the January 11, 2024 order regarding Interrogatory Nos. 1-3, Photon yet again argued that Rule 33(d) applies to the interrogatories at issue. Docket No. 67 at 2-4. As explained in two of this Court's orders, which Photon did not appeal, Interrogatory Nos. 1-3 request that Photon identify each and every Acquia product that forms the basis for Photon's claims, meaning that these interrogatories explicitly seek facts supporting Photon's allegations. See Docket Nos. 50, 64. As such, it was inappropriate for Photon to rely on Rule 33(d). See JH Enter. v. Am. Guar. And Liab. Ins. Co., No. 8:21-cv-2020-TPB-SPF, 2022 WL 19919878, at *5 (M.D. Fla. Mar. 30, 2022); see also AMAG Pharm., Inc. v. Am. Guarantee and Liab. Ins. Co., No. 21-CV-10618-LTS, 2022 WL 16950437, at *7 (D. Mass. Nov. 15, 2022); see also Docket No. 64 at 4-5.

Aquia has provided invoices to show that counsel spent $12,333 on the Second Motion to Compel.[5] Accordingly, whether as a sanction tied to attorney's fees or not, $5,000 is more than a reasonable request and this Court awards that amount to Acquia as a sanction for Photon's

---

[5] Specifically, on Acquia's second motion to compel and request for sanctions, Schwartz spent 1.8 hours at $650 per hour; attorney Corey Winer spent 23.1 hours at $430 per hour; and paralegal Samantha Wood spent 6.15 hours at $200 per hour. Their collective work on the second motion to compel and request for sanctions totaled $12,333. Docket No. 106 ¶ 6.

conduct.

        2.  <u>Acquia's Third Motion To Compel</u>

Acquia seeks $10,000 in attorneys' fees and costs incurred while attempting to review over 20,000 pages of documents that were produced as three single non-searchable PDFs and for having to file the Third Motion to Compel for Photon's non-compliance with this Court's order. Docket No. 68 at 1.

Photon initially provided Acquia with thousands of pages in single, non-searchable PDFs, with thousands of blank pages. Docket No. 68 at 3. Acquia notified Photon of these issues, but Photon produced documents in the same manner two more times. <u>Id.</u> This method of production caused counsel for Acquia to spend needless hours attempting to conduct a review. In addition, Acquia had to file three motions with respect to Photon's refusal to answer appropriately Interrogatories 1-3. Such behavior is especially egregious given this Court's repeated orders on this topic. In response to the interrogatories, it became clear that Photon was relying on a chart prepared by Acquia on a particular date (Docket No. 62-1 at 6-7) which in no way answered the interrogatories' request for the basis of Photon's claim for unpaid commissions for the entirety of the period relevant to this case.

Aquia has provided invoices to show that counsel spent $18,423.66 on the Third Motion to Compel.[6] Accordingly, whether based on the attorney's fees or not, $10,000 is more than a reasonable request and this Court awards that amount to Acquia as a sanction for Photon's conduct.

---

[6] Specifically, on Acquia's Third Motion to Compel and For Sanctions, Schwartz spent 4.03333 hours at $650 per hour; Winer spent 34.4 hours at $430 per hour; and Wood spent 5.05 hours at $200 per hour. Their collective work totaled $18,423.66. Docket No. 106 ¶ 7.

3.  <u>Sanctions For The Fourth Motion To Compel</u>

Acquia seeks $3,675 in sanctions for Levine's failure to appear at his duly noticed deposition on May 29, 2024. Docket No. 87 at 2. This amount reflects time spent preparing to take Levine's deposition as well as the attendance fee for the court reporter. Docket No. 88 ¶ 32. Specifically, counsel for Acquia spent 8.2 hours at a cost of $3,526 in preparing to take Levine's deposition. The attendance fee of the court reporter was $149. <u>Id.</u>; <u>see also</u> Docket No. 106 ¶ 8. Acquia also seeks its attorneys' fees in connection with bringing the Fourth Motion to Compel at Docket No. 86.

In light of the fact that Photon failed to appear with Levine for his noticed deposition, this Court finds that reimbursement of the court reporter's fee is appropriate. Photon disagreed with the taking of Levine's deposition in Massachusetts. Nevertheless, Acquia was within its rights to attempt to proceed with the noticed deposition of Levine on May 29, 2024. Acquia sent two emails to Photon's counsel stating that the deposition was going forward. It was incumbent on Photon's counsel to either file a motion for a protective order or, at a minimum, inform Acquia's counsel that Levine would not appear. Photon's counsel did neither. Accordingly, sanctions are appropriate. However, this Court recognizes that Acquia's counsel would have to prepare again for Levine's deposition at a later date. Therefore, not all of that preparation was likely wasted. Accordingly, this Court halves the request for attorneys' fees and awards $1,763 plus $149 for the court reporter's fee for a total of $1,912. This Court declines to award fees for the filing of the motion for sanctions at Docket No. 86 given the more limited history of the disagreements on this topic.

III.   <u>ORDER</u>

For the foregoing reasons, this Court grants Acquia's motions for sanctions to the extent

that it finds that Photon must pay to Acquia $16,912 within two weeks of the date of this order.

 /s/ Jennifer C. Boal

JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE