IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIA, INC., <br><br> Defendant. | Civil Action No. 1:22-CV-12052 (FDS) <br><br> **Leave to File Granted on November 22, 2024 (ECF No. 173)** |

**<u>PLAINTIFF NORTH AMERICA PHOTON INFOTECH, LTD.'S SUR-REPLY REGARDING DEFENDANT ACQUIA, INC.'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff North America Photon Infotech, Ltd. ("Photon"), with prior leave of Court (ECF No. 173), respectfully submits this Sur-Reply to respond to the declarations filed by Defendant Acquia, Inc. ("Acquia") in connection with its Motion for Summary Judgment, specifically the Declaration of Molly Shenberger in Reply on Acquia's Motion for Summary Judgment ("Shenberger Reply Decl.") (ECF No. 170) and the Declaration of Irwin B. Schwartz in Reply on Acquia's Motion for Summary Judgment ("Schwartz Reply Decl.") (ECF No. 171).

*First*, one of the primary factual disputes is whether the terms of the Acquia Business Partner Referral Agreement (BPRA) itself govern commission calculations or whether the purported documents on the other side of its embedded hyperlinks, and any purported amendments to those documents, govern. Acquia *had* taken the position that the July 2018 Acquia Partner Program & Partner Rewards document (attached to Shenberger S.J. Decl. at Ex G) controlled, which among other things purported to limit commissions to 10% even when a partner both referred and co-sold. But according to paragraph 4 of the Shenberger Reply Decl., Acquia now claims that, "As a Preferred Partner in 2019, Photon was entitled to receive ***up to 15%*** of the first-year subscription price if Photon originated and co-sold an opportunity." (emphasis added). This admission is what Photon (except for the limitation to first-year subscription price) has been claiming all along, specifically that it was entitled to 5% for referring, 5% for co-selling, and an additional 5% for doing both as provided in Section 6 of the BPRA.

*Second*, Shenberger's admission also demonstrates that the November 2019 Addendum to accompany the BPRA (attached to Schwartz Reply Decl. at Ex. A), which also purportedly limited commissions to 10% to partners who both referred and co-sold, does not control.

1

Regardless, Photon never agreed to the revised terms in the Addendum as required by Section 15 of the BPRA (like Photon never agreed to the July 2018 version or the January 2015 version).

*Third*, another issue of factual dispute is whether Acquia downgraded Photon from a Preferred to a Foundation level partner. Section 2 of the Acquia Business Partner Referral Agreement (BPRA) provides that "[a]ll changes to a partner level will be communicated to [Photon]. Any Leads registered by [Photon] or any Qualified Leads converted to Customer after such notification date will be calculated at the new partner level."

Acquia claims Photon was entitled to reduced commissions as a Foundation level partner. But Acquia never communicated any supposed reduction in partner level to Photon. *See* Photon Response to Acquia Statement of Material Fact, ¶13. Rather, Acquia continuously described Photon as a Preferred partner and paid Photon commissions at the Preferred partner level. *Id.*

To attempt to explain away this disputed fact, Acquia now claims for the first time through the Shenberger Reply Decl. that Photon received Preferred level commissions in certain instances because it was elevated back to a Preferred partner in March 2019. But that is not what Acquia initially claimed. *See* Acquia Memorandum at 5 (ECF No. 159) ("Because Photon failed to certify six engineers by December 31, 2015, however, its status was reduced to that of a 'Foundation' level participant, effective January 1, 2016, thereby reducing Photon's potential referral fee to 5% of Acquia product sales to Qualified Leads."); *Id*. at 13 ("Photon was demoted to a 'Foundation' level participant, effective January 1, 2016, thereby reducing its potential referral fee to 5% of Acquia product sales to Qualified Leads."). And conspicuously absent from the Shenberger Reply Decl. is any copy of the supposed notice of elevation.

Respectfully submitted,

NORTH AMERICA PHOTON
INFOTECH, LTD.

*/s/ Ian J. Pinta*
Ian J. Pinta (BBO # 667812)
Christian G. Kiely (BBO # 684308)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
ipinta@toddweld.com
ckiely@toddweld.com

Erin P. Severini
FROST BROWN TODD LLP
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
Telephone: (513) 651-6415
Facsimile: (513) 651-6981
eseverini@fbtlaw.com

Samuel E. Joyner (admitted pro hac vice)
FROST BROWN TODD LLP
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473
sjoyner@fbtlaw.com

Dated: November 25, 2024

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule 7.1(c), I hereby certify that on November 25, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system.

*/s/ Ian Pinta*
Ian J. Pinta